Estate of George H. Lowe, Sr., Samuel H. Wragg, Administrator with the Will Annexed v. Commissioner.
Estate of Lowe v. Commissioner
Docket No. 109893.
United States Tax Court
1943 Tax Ct. Memo LEXIS 468; 1 T.C.M. (CCH) 541; T.C.M. (RIA) 43061; February 4, 1943
*468 Payments made by the administrator of decedent's estate in order to release stocks of decedent pledged as collateral security for loans made to decedent's son and to decedent and his son, are held deductible from decedent's gross estate. John H. Devine, Esq., 11 Beacon St., Boston, Mass., for the petitioner. Charles P. Reilly, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $3,645.23 in the estate tax of the Estate of George H. Lowe, Sr., deceased. The single issue is the deductibility of 14 items from the decedent's gross estate as provided in section 303(a) (1), Revenue Act of 1926, as amended. Four of these items were waived by the petitioner, two were conceded by the respondent, and one was agreed upon. The seven remaining items in controversy will be described later in detail. Findings of Fact Certain facts were admitted in the pleadings and stipulated by the parties. As so admitted and stipulated they are adopted as findings of fact. The material portions of such facts are substantially as follows: The petitioner is the duly qualified administrator with will annexed, of the Estate of George H. Lowe, *469 Sr., deceased. He resides in Needham, Massachusetts, and filed the estate tax return for the estate with the Collector of Internal Revenue for the District of Massachusetts. The petitioner elected to value the decedent's property as at the date of his death. George H. Lowe, Sr. died on February 11, 1937. In his will, dated June 25, 1926, he bequeathed his estate, remaining after the payment of debts and expenses, to his son, George H. Lowe, Jr., in trust. The income from the corpus was to be paid to the decedent's wife and two daughters, or their issue. If one daughter should die without issue, her share would pass to the other. If both should die without issue their interest would pass to George H. Lowe, Jr. If the decedent's wife should die prior to the termination of the trust, her share would go to the daughters. The term of the trust was ten years and thereafter until the decedent's wife should die. Upon its termination the corpus was to pass to the daughters to the extent of $250,000 and all principal over that amount would pass to the decedent's living children or, if the children were dead, then to their issue. The will also bequeathed to his children all sums advanced by *470 the decedent to them and released all charges against them for such advances. From 1883 to 1910 the decedent had devoted his time exclusively to the business of Carter, Rice and Co., Inc., and Nashua Gummed and Coated Paper Company, both substantial companies, and the decedent became a large stockholder in both companies. About 1910 he organized with his son the Weymouth Art Leather Company, a corporation, hereinafter called Weymouth. The business of this company increased steadily until the depression in 1929-1930. The decedent was a stockholder, a director, and president of Weymouth until 1932. Prior to 1925 all of the decedent's shares of stock of Carter, Rice and Co., Inc., had been pledged as collateral for the payment of various promissory notes for money borrowed by George H. Lowe, Jr. and Weymouth from individuals and banking institutions. The pledged shares had a book value of $573,570 on February 25, 1932. Some time prior to 1932 the decedent's health began to fail. The holders of the various notes and obligations which had been created by George H. Lowe, Jr., Weymouth and the decedent were pressing for payment and threatened to sell the collateral shares owned and deposited *471 by the decedent to secure the payment of the notes. The total obligations for which such shares were pledged were approximately $233,000. On February 25, 1932, Samuel H. Wragg was appointed conservator of the decedent's estate by the Norfolk County Probate Court. Immediately following the appointment, the conservator brought a petition in the Norfolk County Probate Court seeking to restrain the various persons and institutions holding the collateral notes from selling the collateral, and, after hearing on the merits, the Court enjoined all parties holding such securities from selling them. The stock of Carter, Rice and Co., Inc., Nashua Gummed and Coated Paper Company and Weymouth was closely held, unlisted, and without a ready market. For a number of years prior to 1932 the decedent had given financial assistance to his son, George H. Lowe, Jr. In 1934 the decedent's conservator brought suit in the Municipal Court of the City of Boston against George H. Lowe, Jr., for the money which was then owing to the decedent, and recovered judgment against him in the amount of $245,679.85 (damages $245,671.25, costs $8.60), the execution being dated November 3, 1934. 1. The Commissioner *472 disallowed the deduction of $8,400 representing the unpaid balance of principal on a promissory note. George H. Lowe, Sr. was liable as endorser on a note dated March 31, 1930, payable to the American Felt Company, signed by George H. Lowe, Jr., in the face amount of $11,360.47. The unpaid balance at date of the decedent's death was $8,400. Immediately prior to the time that the note was executed and endorsed by George H. Lowe, Sr., demands had been made by the American Felt Company for payment of this amount from Weymouth and suit was threatened. In order to avoid any litigation at that time which might jeopardize the business of Weymouth, it was agreed by the representatives of the American Felt Company, George H. Lowe, Jr. and George H. Lowe, Sr., that the indebtedness of Weymouth to the American Felt Company would be assumed by George H. Lowe, Jr., who would give his note for this amount and that George H. Lowe, Sr., would endorse that note. The American Felt Company brought suit on the note in the Superior Court for Norfolk County by writ dated March 31, 1938. The claim was compromised by payment of $1,000 on December 18, 1941, and an "Agreement for judgment and judgment satisfied" *473 was filed on December 22, 1941. 2. The Commissioner disallowed the deduction of $7,500, representing the unpaid balance of principal on a promissory note. This is a claim based upon a collateral promissory note dated December 1, 1931, signed by George H. Lowe, Jr., payable to the People's Savings Bank of Worcester, in the face amount of $12,500, with an unpaid balance of $7,500. The collateral was 135 shares of Carter, Rice and Co., Inc., owned by the decedent. An additional 60 shares of Carter, Rice and Co., Inc. stock owned by the decedent was added to the collateral later. This note was a renewal note representing the balance of a loan originally made to George H. Lowe, Jr., many years before. There had been many renewal notes given in connection with the same loan up to the date of the present note. Demand for payment of the note was made by the bank. The conservator and his counsel arranged through one Lyman L. Lord to take over the loan without recourse to the bank, and later Abigail S. Brauer acquired the note from Lord. On November 1, 1940, the note was paid in full in the sum of $7,500 principal and interest of $412.50 to date of payment. The collateral was later sold by *474 the administrator for $70approximately per share. 3. The Commissioner disallowed the deduction of $177.50 representing accrued interest due to the date of death on the note described in the preceding paragraph. 4. The Commissioner disallowed the deduction of $15,000, representing the unpaid balance of the principal on a promissory note. When the conservator was appointed, the Newton Savings Bank held three collateral promissory notes, all signed by George H. Lowe, Jr., for money borrowed by George H. Lowe, Jr., of face values of $17,500, $12,500 and $10,000, secured by 200, 150 and 150 shares of Carter, Rice and Co., Inc., respectively, the property of George H. Lowe, Sr. The note of $12,500, and $2,500 on account of the note of $17,500, were paid by the conservator in 1932, but the Newton Savings Bank retained all 500 shares of stock as security for the payment of the balance due. This claim is based upon the $17,500 promissory note dated December 23, 1931, signed by George H. Lowe, Jr., payable to Newton Savings Bank, in the face amount of $17,500, bearing interest at the rate of five per cent per annum. The unpaid balance was $15,000. The decedent had placed as collateral with *475 this note 200 shares of Carter, Rice and Co., Inc. The note was paid by the administrator on November 1, 1940, in the amount of $15,000 principal and $462.40 interest, making a total of $15,462.40. Suit had been brought on this note in the Superior Court for Middlesex County by writ dated April 4, 1938, and the payment described disposed of the suit. Payment of this claim was made in order to release the shares of Carter, Rice and Co., Inc., which at the time were sold by the administrator for approximately $70 per share. 5. The Commissioner disallowed the deduction of $10,000, representing the unpaid balance of the principal on a promissory note which is the same $10,000 note referred to in the above paragraph. This claim is based upon a collateral promissory note dated November 18, 1931, signed by George H. Lowe, Jr., in the face amount of $10,000, and was a renewal of a note for an unpaid balance on a previous note. The decedent, George H. Lowe, Sr., had pledged as collateral for this note 150 shares of Carter, Rice and Co., Inc. Payment of the note was made on November 1, 1940, in the amount of $10,000 principal and $308.33 interest. The circumstances and the facts with reference *476 to this transaction are the same as set forth in the previous paragraph. 6. The Commissioner disallowed the deduction of $12,000, representing the unpaid balance of the principal on a promissory note dated June 22, 1937. This claim is based upon $12,000 originally borrowed in 1934 by the conservator, Samuel H. Wragg, and his attorney, John H. Devine, from the Needham Trust Company and was disbursed during 1934 as follows: (a) The payment of a note held by Hingham Institution for Savings dated January 15, 1932. The face of the note was $15,000, with an unpaid balance in 1934 of $3,000. The note was signed by George H. Lowe, Jr. The decedent had pleadged with this note 200 shares of Carter, Rice and Co., Inc. The Hingham Institution for Savings had, prior to receiving payment, in 1934 sold the collateral in the auction rooms of R. L. Day and Company, and about the same time the conservator had procured a restraining order against the Hingham Institution for Savings and R. L. Day and Company, enjoining the sale of such collateral but the sale had taken place just immediately prior to the serving of the restraining order. Through negotiations with the Hingham Institution for Savings *477 and R. L. Day and Company, the shares were later recovered upon payment of the note and the costs incidental to the sale. The shares were later sold by the administrator in 1940 for approximately $70 per share. (b) Five thousand dollars were paid in 1934 to the Norwood Trust Company on a note in the face amount of $20,000, with an unpaid balance of $5,000 in 1934. The note was dated January 19, 1932, and was a renewal note for a balance due upon a previous note for money borrowed by George H. Lowe, Jr., for Weymouth. The renewal note was signed by George H. Lowe, Sr. and George H. Lowe, Jr. The decedent pledged with this note as collateral 280 shares of Carter, Rice and Co., Inc., and this collateral was later sold by the administrator in 1940 for approximately $70 per share. (c) The balance of the $12,000 was used by the conservator in 1934 for miscellaneous obligations which had accrued at the time of and subsequent to his appointment as conservator, principally interest on loans to George H. Lowe, Jr., the payment of which was made to prevent a sale of the collateral property of the decedent, by various holders of the collateral. The borrowing and disbursing of such sum of $12,000 *478 in 1934 was the result of a petition in 1934 to the Probate Court for Norfolk County setting forth the facts for which the money was to be used and, after hearing, the Court made an order in accordance with the prayers in the petition. The $12,000 note dated June 22, 1937, is a renewal of the $12,000 note given to the Needham Trust Company in 1934 and was paid by the administrator on November 1, 1940, in the amount of $12,000 principal and $80 interest. 7. The Commissioner disallowed the deduction of $11,267.67 representing the unpaid balance of the principal on a promissory note. This claim of $11,267.67 represents money borrowed in August, 1934, by the conservator to take up the unpaid balances on two collateral promissory notes; one in the amount of $3,500 dated January 7, 1929, payable on demand to H. R. Coffin and Co., signed by George H. Lowe, Jr., and secured by 25 shares of Quincy Trust Company, the property of George H. Lowe, Jr.; and the other dated April 30, 1931, in the face amount of $10,000, payable to the order of H. R. Coffin and Co., signed by the decedent and George H. Lowe, Jr. The decedent had pledged with this second note 100 shares of Carter, Rice and Co., *479 Inc. On July 1, 1931, payment of $2,500 was made on the principal of the note. H. R. Coffin and Co. had demanded payment of the amounts due on the notes and had threatened to sell the collateral, charging the decedent with any deficit which might result. H. R. Coffin and Co. were note brokers and had placed several loans for the decedent and for George H. Lowe, Jr. The notes represented loans of the decedent and George H. Lowe, Jr., which had been previously paid by H. R. Coffin and Co., who anticipated replacing the loans with individuals or banking institutions. The borrowing of such sum of $11,267.67 to pay off the notes was upon petition of the conservator and approval and decree of the Probate Court for Norfolk County. The loan of $11,267.67 was paid by the conservator on November 15, 1940, plus interest of $869.49. George H. Lowe, Jr. had, from time to time, paid to the decedent several thousand dollars on account of loans made by decedent to him. Carter, Rice and Co., Inc., referred to above, is also sometimes known as Carter, Rice and Company Corporation. The record discloses the following additional facts: Weymouth was a corporation organized in 1910 to manufacture a leather *480 substitute by painting cloth. The decedent furnished the original capital and was an officer and director of the corporation until 1932. He placed his son, George H. Lowe, Jr. in charge of the corporation. The shares of capital stock of Carter, Rice and Co., Inc. and of the Nashua Gummed and Coated Paper Company were first pledged by the decedent to finance Weymouth in 1917 or 1918. All of his securities were pledged prior to 1924. Weymouth was solvent at the times the loans were negotiated. The decedent and his son kept records of their loan transactions but the son's records were burned. Both the decedent and his son expected the son to repay the loans. A substantial part of the shares of Carter, Rice and Co., Inc. pledged by the decedent was to secure loans to assist Weymouth. In 1932 the conservator of the decedent found that his property consisted of Carter, Rice and Co., Inc. and Nashua Gummed and Coated Paper Company stock, having a book value of about $550,000. All such shares were hypothecated. Certain loans of the decedent were refinanced in order to save the equity in the stock for the estate. It was necessary for the conservator to secure the title to such pledged stocks *481 in order to sell them in one block. Opinion VAN FOSSAN, Judge: The petitioner claims the right to deduct seven items from the value of the gross estate of the decedent and argues that they all reflect obligations contracted bona fide and for an adequate and full consideration in money or money's worth, as permitted in section 303(a), Revenue Act of 1926, as amended. [1]
*482 The respondent argues in justification of the denial of the deduction of Item 1 on the ground that the note given to the American Felt Company, sued upon by that company, and paid by a compromise settlement of $1,000, was not a debt owing by the decedent, contracted for an adequate and full consideration in money or money's worth. There can be no question as to the bona fides of the several transactions here questioned. Nor is there any doubt as to the obligations being contracted for adequate and full consideration in money or money's worth. All were normal business deals. As to the source of the consideration, this and other courts have held repeatedly that it is not necessary that the consideration of the claim against the estate shall have flowed to the decedent. ; ; ; ; . The amount of $1,000 was paid on December *483 18, 1941. On the facts, that amount is a proper deduction from the decedent's gross estate. Items 2, 3, 4 and 5 involve the payment by the administrator of the decedent's estate of collateral promissory notes and renewals thereof, secured by various blocks of stock owned by the decedent. The respondent presents the same argument which he advanced as to Item 1 and, on the facts and the authority of the cases cited, we hold that the deductions are allowable. Item 6 represents the indebtedness arising from a loan negotiated by the conservator for the purpose of paying certain obligations of his ward, similar in character to those described in the preceding items, thereby releasing the decedent's collateral securing those obligations. This item was a primary debt of the decedent's conservator duly and properly incurred and is deductible on that ground. Item 7 also represents a promissory note executed by the decedent's conservator to acquire (1) a demand note of George H. Lowe, Jr. for $3,500 secured by 25 shares of Quincy Trust Company stock owned by him, and (2) a note of $10,000 (reduced to $7,500) signed by the decedent and his son, George H. Lowe, Jr., and secured by 100 shares *484 of the decedent's stock in Carter, Rice and Co., Inc. The note executed by the conservator was further secured by 525 additional shares of Carter, Rice and Co., Inc. stock. In respect to the $3,500 note, which was the debt of the son and secured solely by his own stock, it is obvious that the decedent's estate is not entitled to a deduction for the sum paid by the administrator in settlement thereof. Though the portion of the obligation of the conservator which represents that note is not deductible, the remainder thereof is deductible on the principles hereinbefore set forth. The respondent argues further that the decedent did not expect to be reimbursed for any amounts which he might be required to pay to protect the hypothecated securities. The record does not support that view. All the transactions described were negotiated and completed for legitimate business reasons at a time when Weymouth was wholly solvent. The decedent furnished the capital for, and placed his son in charge of, the business venture from which they both expected ultimate reimbursement. The unfortunate outcome of that undertaking was anticipated by neither and there is no evidence that either had any intention *485 of shifting the burden of its failure to the decedent. See ; cf. . The respondent also urges that the decedent's will demonstrates that he intended to make bequests to the son of any amount which the estate might be called upon to pay. It is true that the will released all obligations of his children by reason of advancements or personal accommodation. The payments made by the administrator, however, were not of that character but were for business enterprises in which the decedent himself was interested directly or by pledge of collateral. Decision will be entered under Rule 50. Footnotes
1. SEC. 303. For the purpose of the tax the value of the net estate shall be determined - (a) (As amended by section 403(a) of the Revenue Act of 1934). In the case of a citizen or resident of the United States, by deducting from the value of the gross estate - (1) (As amended by section 805 of the Revenue Act of 1932). Such amounts - * * * * *
(C) for claims against the estate (D) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or indebtedness, is included in the value of the gross estate, and * * * * *
as are allowed by the laws of the jurisdiction * * * under which the estate is being administered * * *. The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. * * *↩